IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | NO. 12-261 |
| RANDY TAPIA : | |

### MEMORANDUM

**Chief Judge Juan R. Sánchez**                                                                                       **April 3, 2023**

Defendant Randy Tapia moves this Court under 18 U.S.C. § 3582 (c)(1)(A)(i) for early, "compassionate" release from his 240-month sentence for drug related offenses committed in 2012. Tapia has not shown sufficient grounds entitling him to the relief sought and his motion shall therefore be denied.

### BACKGROUND

Between December 1, 2011, and May 1, 2012, Tapia and Sixto Fontanez, Jr. discussed the purchase of more than five kilograms of cocaine, marijuana, and a large quantity of methamphetamine with a government cooperator. Tapia was looking to sell 50 pounds of medical-grade marijuana he had brought from California and in the course of the discussions revealed he also had 300 pounds of methamphetamine in California but no buyers. The cooperator told Tapia he had buyers in Philadelphia and negotiated to purchase 20 pounds of methamphetamine for $20,000 a pound. Tapia agreed to fly back to California and ship the methamphetamine to Philadelphia. Once Fontanez received the shipment from Tapia, he handed it off to the cooperator. Test results showed the shipment contained 5,053 grams of methamphetamine. Tapia was subsequently arrested in California.

1

Tapia was charged by indictment with one count of conspiracy to distribute 500 grams or more of methamphetamine, five kilograms or more of cocaine, and a mixture and substance containing a detectable amount of marijuana, all in violation of 21 U.S.C. § 846 (Count One); one count of distribution of 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(l) (Count Two); and one count of distribution of 500 grams or more of methamphetamine within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a) (Count Three).  Indict., ECF No. 13.

On July 11, 2013, Tapia pled guilty before the Honorable J. Curtis Joyner[1] to Counts One and Three pursuant to a plea agreement with the Government, with the understanding that Count Two would be dismissed at sentencing.  Min. Entry, ECF No. 84.  On May 26, 2015, the Court sentenced Tapia to 240 months' imprisonment, ten years of supervised release, a special assessment of $200 and a $3,000 fine.  J. 5, ECF No. 143. At the time of sentencing, Tapia was 39 years of age and has now served roughly one-half of his sentence.

**LEGAL STANDARDS**

Tapia now asks the Court to grant him early "compassionate" release from his 240-month sentence.  Generally, a federal court "may not modify a term of imprisonment once it has been imposed." *Dillon v. U.S.,* 560 U.S. 817, 819 (2010).  However, there are a few, limited exceptions to this rule.  One such exception is outlined in 18 U.S.C. § 3582(c)(1)(A) which affords early "compassionate release" to inmates for whom the Court deems such relief appropriate.  A sentence reduction under § 3582(c)(1)(A) may be granted by the Court if "after considering the factors set forth in § 3553(a) to the extent they are applicable, it finds that . . . extraordinary and compelling reasons warrant such a reduction. . . and that such a reduction is consistent with applicable policy

---

[1] This case was reassigned to the undersigned following Judge Joyner's retirement.

statements issued by the Sentencing Commission." *United States v. Nunez*, 483 F. Supp. 3d 280, 284-85 (E.D. Pa. 2020).

**DISCUSSION**

Tapia argues there are several "extraordinary and compelling reasons" for reduction of his sentence. First, Tapia argues he should be given a reduced sentence because under the First Step Act, he would be subject to a significantly lighter sentence if he was sentenced today.[2] Def's Mot. Comp. Rel. 24-25, ECF No. 195. Second, Tapia claims he suffered strokes which required hospitalization and led to serious physical defects. *Id.* at 15-16. Finally, Tapia cites his involvement in prison programming and good conduct while incarcerated in further support of his motion. *Id.* at 26-27.

Tapia has satisfied the administrative pre-requisite to filing this motion inasmuch as he submitted a request for a compassionate release motion to be made on his behalf to the Warden of USP Coleman 1, where he is incarcerated, on March 11, 2022 but never received a response. 18 U.S.C. § 3582(c)(1)(A). He filed this motion on February 3, 2021 and the Court is thus free to reduce Tapia's term of imprisonment if it finds there are extraordinary and compelling reasons to do so.

Tapia's first argument that the First Step Act amendments to § 802 and § 841 present extraordinary and compelling reasons has been rejected by the Third Circuit. *United States v.*

---

[2] Under the First Step Act's amendment to the Controlled Substances Act, 21 U.S.C. § 841(b) now imposes a mandatory minimum of 15 years' imprisonment when there has been a prior conviction for a "serious drug felony." The First Step Act further amended 21 U.S.C. § 802 by defining a serious drug felony as an offense in which a sentence of over 12 months was served and release was within 15 years "of the commencement of the instant offense." First Step Act of 2018, § 401(a)(1). Because Tapia was charged under a prior version of the statute, although he served only a 180-day sentence for his previous drug felony conviction, that prior conviction increased the mandatory minimum sentence in this case from 10 to 20 years. 21 U.S.C. § 841(b)(1)(e); *See also:* First Step Act of 2018, Pub. L. No. 115-391, § 401(a), 132 Stat. 5194, 5221-22.

3

*Andrews*, 12 F.4th 255 (3d Cir. 2021). In *Andrews,* the defendant was serving a 312-year sentence for committing a series of armed robberies when he was nineteen years old. He received such an elevated sentence largely because he was found guilty at trial of committing all thirteen armed robberies and at the time, each additional § 924(c) count carried a 25-year mandatory minimum. The First Step Act changed that sentencing scheme such that the 25-year mandatory minimum could only be applied if the defendant already had a final § 924(c) conviction at the time he committed the new offense. Andrews would thus have received a sentence of 91 months had he been sentenced after passage of the Act. Andrews moved for sentencing relief under § 3582(c)(1)(A), arguing the First Step Act amendments constituted "extraordinary and compelling circumstances." In rejecting Andrews' arguments, the Third Circuit held:

> [t]he duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance.…[T]he imposition of a sentence that was not only permissible but statutorily required at the time is neither an extraordinary nor a compelling reason to now reduce that same sentence…. [T]he ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced. *Id.,* at 260-261 (citations omitted).

This Court is bound by *Andrews*. Furthermore, the Supreme Court recently clarified that although the First Step Act "confers particular discretion" on federal courts, it does not "require a court to reduce any sentence." *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022) (internal quotation marks and citation omitted). Instead, the First Step Act only requires the Court to consider any nonfrivolous arguments and "make clear that it reasoned through those arguments." *Id.* This Court has considered the arguments advanced by both Tapia and the Government[3] and,

---

[3]  The Government notes Tapia's sentence would not necessarily be lower under current law. Gov't's Resp. Opp. Def's Mot. Comp. Rel. 21, ECF No. 196. Based on the substantial drug quantities involved in the current offense and Tapia's 18 criminal history points, the advisory guideline range would still be 360 months to life. *Id.* Tapia's sentence was thus ten years less than it otherwise might have been.

in light of the foregoing authority, holds Tapia has not shown an extraordinary or a compelling reason to reduce his term of imprisonment due to the First Step Act amendments.

Turning to Tapia's other arguments, including his involvement in prison programming, good conduct while incarcerated, and his medical condition, the Court finds Tapia has failed to prove these claims.

Again, a Court is permitted to reduce a term of imprisonment on motion by a defendant after exhaustion of administrative rights and "after considering the factors set forth in [18 U.S.C.] § 3553(a) to the extent that they are applicable, if it finds that - (i) extraordinary and compelling reasons warrant such a reduction" … "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). There are some seven factors set forth in 18 U.S.C. § 3553(a) which courts "shall consider" in "determining the particular sentence to be imposed."

*Andrews* is also noteworthy for its holding that the existing Sentencing Commission Policy Statement for § 3582(c)(1)(A) contained in the Commentary to U.S.S.G. § 1B1.13, is not binding on the courts where compassionate release motions are made by the defendants themselves. *Andrews*, 12 F.4th at 259. The Policy Statement, however, "still sheds light on the meaning of extraordinary and compelling reasons," in light of the "commonplace of statutory interpretation that 'Congress legislates against the backdrop of existing law.'" Andrews, 12 F.4th at 260 (quoting *Parker Drilling Mgmt. Servs., Ltd. v. Newton*, 139 S. Ct. 1881, 1890 (2019)). Hence, while the courts are free to interpret the meaning of "extraordinary and compelling" for themselves, the existing Policy Statement may properly be considered for guidance in this inquiry. *Id.* The Policy Statement provides several examples of what may constitute extraordinary and compelling reasons, including the defendant suffering from a terminal illness, serious physical or medical

condition, serious functional or cognitive impairment, or experiencing deteriorating physical or mental health due to the aging process that substantially diminishes his ability to care for himself within the prison environment.  Commentary Application Note 1(A).  Additional pertinent factors arise where the defendant is at least 65 years old, has served at least 10 years or 75% of his sentence and is experiencing a serious deterioration in mental and/or physical health as a result of age, or where the caregiver of a defendant's minor children dies or becomes incapacitated and the defendant is that person's only available caregiver.

Tapia's assertion that he has a history of strokes which have caused certain parts of his body to be immobile is belied by his medical records.  Def's Mot. Comp. Rel. 16, ECF No. 195.  Indeed, Tapia's medical records contain nothing to indicate that he ever suffered a stroke.  See ECF No. 197. The records do reflect that Tapia has Type 2 Diabetes with neuropathy, hypertension, elevated cholesterol and asthma.  All of these conditions are being successfully managed in prison with medication, are stable and under control.  *Id.* Tapia also requests early release to care for his sick mother, who is 70 years old and allegedly unable to walk on her own.  Def's Mot. Comp. Rel. 31, ECF No. 195.  Tapia's mother is not his minor child and, in any event, he has not shown he is his mother's only available caregiver.

Additionally, Tapia avers that he "has never shown aggressive behavior," has served 10 years of his sentence, and he has earned approximately 11 months of good conduct credit.  Tapia also asks the Court to consider "his rehabilitation since being incarcerated," as evidenced by his completion of a "long list of Educational programs," and claims that he "continues to display an Clear Conduct Disciplinary Behavior for over 3 years now."  Finally, Tapia alleges he would live with his brother in California if released.  *Id.*, at 17-18, 26-27, 30.

The Government disputes Tapia's claims of non-aggressive behavior and points to a number of serious disciplinary infractions in the last several years, including disruptive behavior, disposal of a needle, refusing a drug or alcohol test, and assault without serious injury. Gov't's Resp. Opp. Def's Mot. Comp. Rel. 4, ECF No. 196. While the Court is pleased to hear that Tapia has taken advantage of the prison programming, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." U.S.S.G. 1B1.13, cmt. n.3.

As previously noted, the Court is also obligated to consider the same factors as are examined in sentencing under 18 U.S.C. § 3553(a). The factors of relevance here are: the nature and circumstances of the offense and history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to future criminal conduct, and to protect the public from further crimes of the defendant. § 3553(a)(1) – (2). In application of these, the Court observes that Tapia himself distributed a large amount of methamphetamine and attempted to distribute a large amount of cocaine as well. These crimes were also not Tapia's first exposure to the criminal justice system. Tapia has a lengthy criminal record with 15 criminal convictions. While his first conviction was when he was only 18 years old, he had additional drug convictions in 1995, 2001, 2003, 2006, and 2012. Tapia also has several serious convictions involving violence, threats, and corporal injury, including to his wife. Moreover, when he committed the current offense, he was on probation.

The need to impose a sentence designed to justly punish Tapia, promote respect for the law, reflect the seriousness of his offenses, deter future crimes, and protect the public is self-evident. Although the mandatory minimum has since changed, there is no reason to believe Tapia would have received a significantly lesser sentence. The fact that Tapia has served just over half

of his sentence, is now approximately 49 years of age and has had several serious disciplinary violations on his prison record all weigh strongly against his compassionate release and militate in favor of not disturbing Tapia's existing sentence.  The Court therefore finds its discretion is best exercised by denying Tapia's motion.

      An Order follows.

BY THE COURT:

/s/  Juan R. Sánchez
_____
Juan R. Sánchez,      C.J.