IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 12-261-01 |
| | : | |
| RANDY TAPIA | : | |

<u>**MEMORANDUM**</u>

**Judge Juan R. Sánchez**                                                                     **June 5, 2025**

      Randy Tapia seeks a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines. He also seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), asserting the "unusually long sentence" imposed in this case qualifies as an extraordinary and compelling reason for relief under U.S.S.G. § 1B1.13(b)(6). Because Tapia is not eligible for a sentence reduction under either provision, his motions will be denied.

**BACKGROUND**

      In July 2013, Tapia pled guilty to one count of conspiracy to distribute 500 grams or more of methamphetamine, five kilograms or more of cocaine, and marijuana, in violation of 21 U.S.C. § 846; and one count of distribution of 500 grams or more of methamphetamine within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a). In anticipation of sentencing, the United States Probation Office prepared a Presentence Investigation Report (PSR), which calculated Tapia's sentencing range under the Sentencing Guidelines. The PSR assigned Tapia a total offense level of 37. PSR ¶ 38. He was also assessed a total of 18 criminal history points, including two "status points" pursuant to U.S.S.G. § 4A1.1(d) for having been on probation when he committed the offenses in this case. *Id.* ¶ 71. Tapia's 18 criminal history points placed him in criminal history category VI, which includes all offenders with 13 or more criminal history points. *See id.* With

an offense level of 37 and a criminal history category of VI, Tapia's guideline range was 360 months to life imprisonment. *Id.* ¶ 128. He was also subject to a statutory mandatory minimum sentence of 240 months. *See id.* ¶ 127. At sentencing, the Honorable J. Curtis Joyner, to whom the case was then assigned, adopted the guideline calculation in the PSR and sentenced Tapia to a total of 240 months. Judgment 2, ECF No. 143.

**DISCUSSION**

Tapia seeks a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821. Section 3582(c)(2) permits a court to reduce the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." A court may grant a sentence reduction under § 3582(c)(2) only if "a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." 18 U.S.C. § 3582(c)(2); *Dillon v. United States*, 560 U.S. 817, 826 (2010).

The applicable policy statement is set forth in U.S.S.G. § 1B1.10, which "contains its own, more specific requirements for a sentencing reduction." *United States v. Rodriguez*, 855 F.3d 526, 529 (3d Cir. 2017). To qualify for a reduction under that provision, a defendant must rely on a guideline amendment that the Sentencing Commission has made retroactive, and the amendment in question must "have the effect of lowering the defendant's applicable guideline range." *Id.* (quoting U.S.S.G. § 1B1.10(a)(2)(B)). To determine whether an amendment has the required effect, a court must "begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (quoting U.S.S.G. § 1B1.10(b)(1)). In making this determination, the court may "substitute only the [relevant amendment] for the corresponding

2

guideline provisions that were applied when the defendant was sentenced," leaving "all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). If the amendment has the effect of lowering the defendant's applicable guideline range, then the court must consider any applicable § 3553(a) factors and determine whether, in its discretion, to grant a sentence reduction. *Dillon*, 560 U.S. at 827. Where the defendant received a below-guideline sentence pursuant to a Government motion for substantial assistance, the court may grant "a reduction comparably less than the amended guideline range," U.S.S.G. § 1B1.10(b)(2)(B), but only if the amended guideline range is lower than the original guideline range, *see id.* § 1B1.10(a)(2)(B).

In his motions, Tapia relies primarily on Part A of Amendment 821, which made changes concerning criminal history "status points"—i.e., points added if the defendant committed the offense of conviction while under another sentence. The Amendment eliminated status points for defendants with six or fewer criminal history points, and reduced the number of status points that may be assigned for defendants with seven or more criminal history points from two to one. *See* U.S.S.G. Supp. to App. C, Amend. 821. Although Amendment 821 applies retroactively, *see* U.S.S.G. § 1B1.10(d), it does not have the effect of reducing Tapia's guideline range. Because Tapia had more than six criminal history points, the Amendment would eliminate only one of the two status points he was previously assessed, reducing his criminal history point total to 17. With a criminal history score of 17, however, he would still be in criminal history category VI, and his guideline range would remain the same, making him ineligible for a sentence reduction based on Part A.

Tapia also references Part B of Amendment 821, which provides for a two-level decrease in offense level for defendants who did not receive any criminal history points and whose offense

3

of conviction did not involve certain specified aggravating factors. *See* U.S.S.G. Supp. to App. C, Amend. 821. Part B is plainly inapplicable, however, given Tapia's criminal history score.

Finally, Tapia seeks a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), which permits a court to reduce a term of imprisonment if the reduction "is (1) warranted by 'extraordinary and compelling reasons'; (2) 'consistent with applicable policy statements issued by the Sentencing Commission'; and (3) supported by the traditional sentencing factors under 18 U.S.C. § 3553(a), to the extent they are applicable." *United States v. Andrews*, 12 F.4th 255, 258 (3d Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). Tapia argues his "unusually long sentence" qualifies as an extraordinary and compelling reason for a sentence reduction under the applicable policy statement, U.S.S.G. § 1B1.13. As amended effective November 1, 2023, the policy statement provides, in relevant part:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Although Tapia does not identify a relevant change in the law in his current motion, he previously sought relief under § 3582(c)(1)(A) on the ground that his sentence would have been significantly lower had it been imposed after passage of the First Step Act. *See* ECF No. 195. Tapia argued that under Section 401 of the First Step Act, he would not have been subject to a 240-month mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) because the prior drug conviction used to increase the applicable mandatory minimum from 120 months to 240 months would not qualify as a "serious drug felony." This Court denied Tapia's earlier motion based on

*United States v. Andrews*, in which the Third Circuit Court of Appeals held that neither the length of the defendant's lawfully imposed sentence for multiple violations of 18 U.S.C. § 924(c) nor the First Step Act's nonretroactive changes to § 924(c)'s mandatory minimums qualify as an extraordinary and compelling reason for a sentence reduction. ECF No. 200 at 3-4 (citing *Andrews*, 12 F.4th at 260-61). The Third Circuit affirmed. *United States v. Tapia*, No. 23-1811, 2023 WL 4575946 (3d Cir. July 18, 2023).

Since that time, U.S.S.G. § 1B1.13 has been amended to include the "unusually long sentence" provision cited above. Despite the amendment, the change in the law on which Tapia previously relied still does not constitute an extraordinary and compelling circumstance under Third Circuit precedent. In *United States v. Rutherford*, the Court of Appeals held that, as applied to the First Step Act's modification of § 924(c), the "unusually long sentence" provision "conflicts with the will of Congress and thus cannot be used in determining a prisoner's eligibility for [a sentence reduction under § 3582(c)(1)(A)]" because Congress explicitly made the changes nonretroactive. 120 F.4th 360, 376 (3d Cir. 2024). Although the Court's holding was limited to the First Step Act's changes to § 924(c), which were made in Section 403 of the Act, the Court's reasoning applies equally to the changes made in Section 401 of the Act, which Congress also explicitly made nonretroactive. *See* First Step Act of 2018, Pub. L. No. 115-291, § 401(c), 132 Stat. 5194, 5221 (2018) (providing Section 401 and the amendments made therein "shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment"); *see also United States v. Capparella*, No. 9-474-04, 2025 WL 1435624, at *6 (May 19, 2025) (holding that "under the Third Circuit's decisions in *Rutherford* and *Andrews*, because 'Congress has already taken retroactivity off the table" with respect to the amendments [made by Section 401], this change in law 'cannot be

considered in the compassionate release eligibility context'" (quoting *Rutherford*, 120 F.4th at 378)). Moreover, as the Third Circuit noted in affirming the denial of Tapia's previous sentence reduction motion, even if Tapia were subject to a reduced mandatory minimum, his "guidelines range would still be the same if sentenced today, so there is no reason to believe that his sentence would be different, accounting for his criminal history score and the § 3553(a) factors." *Tapia*, 2023 WL 4575946, at *2.

Because Tapia is not eligible for a sentence reduction, his motions will be denied.

An appropriate order follows.

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, J.